UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWNA L. WEATHERUP,

    Plaintiff,

v.                                                                              Case No. 8:05-cv-1669-T-24MAP

SHAWN M. WEATHERUP, ET AL.,

    Defendants.

_____/

# **O R D E R**

This cause comes before the Court on Defendants'[1] renewed motion to dismiss (Doc. No. 64). Plaintiff filed a response in opposition thereto (Doc. No. 65).

**I.**    **Background**

On September 12, 2005, this case was transferred to this Court from the Western Division of the Central District of California (Doc. No. 1). The First Amended Complaint is the operative complaint (Doc. Nos. 4 and 12). In her First Amended Complaint, Plaintiff alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO")(Counts I and II) and makes supplemental state law claims relating to Plaintiff purportedly being defrauded during certain property transactions (Counts III-VII)(Doc. No. 4).

On January 27, 2006, the Court entered an Amended Case Management and Scheduling Order which set a mediation deadline of April 21, 2006 (Doc. No. 24).[2] On March 21, 2006,

---

[1] Attorney Title Services, Inc., Sheryl J. Miles, and Louis Bakkalapulo.

[2] The Case Management and Scheduling Order was amended to the extent that the originally entered Case Management and Scheduling Order (Doc. No. 22) did not include all pages.

Plaintiff filed an Amended Notice of Mediator and Mediation Date which advised the Court that mediation would occur on April 14, 2006 (Doc. No. 28).  On April 13, 2006, just prior to the scheduled mediation, Plaintiff moved for an extension of time to conduct mediation and sought, in part, an order protecting her from attending mediation on April 14, 2006 (Doc. No. 29).[3]  The Court entered an Order extending the mediation deadline to May 12, 2006 and instructed Plaintiff to file a notice by May 5, 2006 that informed the Court of the date of the parties' rescheduled mediation (Doc. No. 31).

On May 1, 2006, Defendants filed a motion to compel Plaintiff to appear at deposition (Doc. No. 32).  On May 11, 2006, pursuant to the parties' requests, the Court extended the case management deadlines and again extended the mediation deadline to July 14, 2006  (Doc. No. 39).  Plaintiff was directed to file a notice by May 22, 2006 that informed the Court of the date of the parties' rescheduled mediation.  On May 19, 2006, the Court entered a Second Amended Case Management and Scheduling Order which reflected the new case management deadlines (Doc. No. 43).  On May 19, 2006, the Court[4] entered an Order granting in part Defendants' motion to compel (Doc. No. 44).  The May 19, 2006, Order stated in relevant part:

> Plaintiff's deposition shall be scheduled upon agreement of the parties
> within forty-five (45) days from the date of this Order.  The parties shall
> confer regarding the location of deposition and the possibility of conducting
> it by telephone or other remote electronic means in accordance with
> Fed. R. Civ. P. 30(b)(7).  The Plaintiff is advised, however, that it is the
> general policy of this court that a non-resident Plaintiff may reasonably be
> deposed at least once in this district during the discovery stages of the case.

---

[3] Apparently Plaintiff's local counsel contacted counsel for Defendants on April 10 and 11, 2006 and advised that Plaintiff would not be attending her deposition scheduled for April 13, 2006 or mediation.

[4] United States Magistrate Judge Thomas B. McCoun III.

<u>See</u> Local Rule 3.04(b).

Thereafter, on May 22, 2006, Plaintiff filed a Notice of Mediation which advised the Court that mediation would occur on June 23, 2006 (Doc. No. 45). Between June 2, 2006 and June 22, 2006, various of Plaintiff's counsel[5] moved to withdraw as counsel of record for Plaintiff (Doc. Nos. 46 and 52). On July 6, 2006, the mediator filed a Mediation Report in which he stated:

> The mediator was advised by phone and email from George S. Wass, counsel of record for the plaintiff, that he had received an email message from Robert Clark, a defense counsel of record, advising that a phone message had been left for him by the plaintiff, Shawna Weatherup, in which she advised that she would not be attending her deposition or the above-scheduled mediation. Mr. Wass further advised that he had been discharged by Ms. Weatherup and was unable to communicate with her, and therefore, his communications were for purposes of passing on the information he had received from third parties.

(Doc. No. 54). The mediator further advised that since neither Plaintiff nor Plaintiff's counsel had appeared, the mediation did not proceed.

On July 7, 2006, the Court entered an Order in which it permitted Plaintiff's counsel George W. Wass and Lawrence C. Ecoff to withdraw as counsel of record for Plaintiff in this matter (Doc. No. 55). The Court advised Plaintiff that if she wished to proceed <u>pro se</u> in this matter that she should file a notice by July 24, 2006. The Court also directed Plaintiff to file a notice by July 24, 2006 that informed the Court of the dates for a rescheduled mediation and her deposition and advised that failure to do so could result in the Court's dismissal of the case. A copy of the July 7, 2006 Order was mailed to Plaintiff at 44375 Willow Circle, La Quinta, CA 92253. Similarly, on July 28, 2006, this Court permitted Plaintiff's counsel Stanley Becker to

---

[5]Mahlon H. Barlow, III, Lawrence Ecoff, and George S. Wass.

withdraw as counsel of record for Plaintiff and terminated Mahlon H. Barlow as counsel for record. The Court directed Plaintiff, proceeding pro se, to file a notice on or before August 11, 2006 informing the Court of the dates for a rescheduled mediation and her deposition (Doc. No. 61). The Court again stated that failure to do so could result in the Court's dismissal of the case.

**II.     Discussion**

Defendants move to dismiss Plaintiff's First Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 37(d) due to her repeated failure to: (1) follow Court Orders; (2) appear at her scheduled deposition; and (3) appear at planned mediations. Plaintiff responds that she was out of town "at the time the court's last order was issued" and upon receipt thereof on August 15, 2006 she contacted Defendants' counsel and "indicated that she was willing to stipulate to rescheduled dates for mediation and deposition" (Doc. No. 65). Plaintiff further argues that she did not intentionally violate any order of the Court. The Court finds that dismissal of this action without prejudice is appropriate under the circumstances of this case.

A district court possesses the inherent power to police its docket. See Mingo v. Sugar Cane Growers Co-Op of Florida, 864 F.2d 101, 102 (11th Cir. 1989). Incident to this power, a judge may impose formal sanctions upon dilatory litigants including an order dismissing the action with or without prejudice. See id. Here Plaintiff has consistently failed to comply with this Court's Orders and has delayed Defendants from conducting her deposition. Furthermore, Plaintiff cancelled two scheduled mediations on short notice and, as to the mediation scheduled June 23, 2006, Defendants' counsel and Defendants appeared and were ready to proceed at the time and place scheduled for the mediation (Doc. No. 54). Here there is a clear record of delay and it does not appear that lesser sanctions such as admonishments or monetary sanctions would

suffice.

This Court has permitted several extensions of the case management deadlines and afforded Plaintiff numerous opportunities to reschedule her deposition and mediation.  Plaintiff did not confer with Defendants' counsel and schedule a time for the rescheduled mediation and her deposition by the August 11, 2006 deadline.  Even though she is now proceeding pro se, Plaintiff cannot claim she was not aware that this Court expected her to appear for her deposition and mediation and that repeated last minute telephone cancellations of these depositions and mediations cannot be tolerated.

**III.     Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **DISMISSED WITHOUT PREJUDICE.**  The Clerk is directed to **CLOSE** this case and **TERMINATE** any pending motions.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of September, 2006.

Copies to:
Shawna Weatherup (n/k/a Shawna Burford)
     44375 Willow Circle
     La Quinta, CA 92253
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge